UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARWIN BECK, | ) | |
| Movant, | ) ) ) | |
| vs. | ) | Case No. 4:09-CV-843 (CEJ) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of Darwin Beck to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] The United States has filed a response addressing the merits of the motion.

I. **Background**

An indictment charged Beck with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The jury was unable to reach a verdict at the first trial. Following a second trial, Beck was found guilty and was sentenced on May 23, 2008, to a 78-month term of imprisonment. The conviction and sentence were affirmed on appeal. United States v. Beck, 557 F.3d 619 (8th Cir.), *cert. denied*, 129 S.Ct. 2412, 173 L.Ed.2d 1318 (2009).

II. **Discussion**

---

[1]Beck also requests leave to amend the motion to clarify and supplement the claims he asserts in Ground 1 and Ground 12 of the original motion. [Doc. #7] The request will be granted and the Court will consider these grounds as amended.

In his motion, Beck asserts various claims of ineffective assistance of counsel at trial and on appeal[2], prosecutorial misconduct, and unlawful search and seizure. The relevant facts will be set forth in the discussion of each claim.

A.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show (1) that his attorney's performance fell below an objective standard of reasonableness and (2) that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the performance prong of the inquiry, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to show prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

**Ground 1**

Beck first challenges his attorney's failure to object at trial to the "perjured and false testimony" of three government witnesses. He alleges that there were inconsistencies between the trial testimony given by Officer Steven Schwerb and Officer Jason Chambers and the testimony they gave before the grand jury and at the suppression hearing. He also alleges that there was a discrepancy between the grand jury testimony of witness DeWayne Long and his testimony at trial.

---

[2]Beck was represented by the same attorney at trial and on appeal.

-2-

The transcripts of the proceedings reveal no material differences between the witnesses' pretrial and trial testimony. Beck's allegations establish only that the witnesses' trial testimony was not a verbatim recitation of their pretrial testimony. It would have been unreasonable for defense counsel to make a claim of perjury that could not be substantiated. Further, the trial transcript reveals that defense counsel conducted a thorough cross-examination of each witness and sought to cast doubt on their credibility. Beck has not shown that his attorney's performance was deficient and he makes no attempt to show that he was prejudiced.

**Ground 2**

Beck's second claim of ineffective assistance is based on his attorney's failure to challenge on appeal the denial of his motion to suppress and the sufficiency of the evidence to support the verdict. He also appears to claim that his attorney should have challenged the sentence.

The evidence established that the police were dispatched to an apartment building in response to a report that someone had flourished a firearm. Upon arrival, the officers interviewed DeWayne Long, one of the tenants, who was bleeding from his head. Long told the officers that Beck, who lived upstairs, had struck him on the head with a gun. The officers proceeded to Beck's apartment and advised him of the Miranda warnings.[3] Beck consented to a search of his apartment, but nothing was found. One of the officers, however, found a firearm in the rear yard of the apartment building. Beck told the officers that he had thrown the gun into the yard after he learned that the police had been called. Before trial, defense counsel unsuccessfully moved to suppress the firearm and Beck's statements to the police. Beck asserts that

---

[3]Miranda v. Arizona, 384 U.S. 436, 478-79 (1966).

defense counsel should have argued on appeal that (1) he did not have possession of the firearm because it was found in a "common area" and (2) there was no evidence that the firearm had been discharged.

The appellate court reviews the denial of a motion to suppress de novo, "but review[s] the underlying factual determinations for clear error, giving due weight to the inferences of the district court and law enforcement officials." United States v. Coleman, 349 F.3d 1077, 1083 (8th Cir. 2003), *cert. denied*, 541 U.S. 1055 (2004). See also United States v. Nguyen, 608 F.3d 368 (8th Cir. 2010). To establish prejudice, Beck must show a reasonable probability that the order denying his motion to suppress would have been reversed by the court of appeals under this standard of review. This, he cannot do. None of the arguments he claims counsel should have made would have supported suppression of the evidence.

Further, the testimony of the government's witnesses and Beck's admission were sufficient to establish beyond a reasonable doubt that Beck was a convicted felon and that he possessed a firearm that had traveled in interstate commerce. It was unnecessary for the government to prove that the firearm was found in Beck's apartment or on his person or that it had been fired. Beck cannot show that he was prejudiced by his attorney's failure to assert non-meritorious arguments on appeal.

At sentencing, the Court determined that Beck's criminal history category was III, as he had six criminal history points. The calculation of the criminal history points included one point that was assessed for a conviction for Property Damage Second Degree. Beck contends that his attorney should have argued against assessment of a criminal history point for this conviction because it resulted in a sentence of only 15 days. The conviction was properly counted under U.S.S.G. § 4A1.1(c) regardless of

the length of the sentence. Moreover, Beck's criminal history category would have remained unchanged even if the conviction had not been counted. Clearly, Beck was not prejudiced by defense counsel's failure to object to the criminal history category determination.

Beck also contends that his attorney should have objected to the sentence because it was "improperly enhanced by judge found facts," citing United States v. Booker, 543 U.S. 220 (2005). At sentencing, defense counsel objected to a four-level increase to the base offense level under U.S.S.G. § 2K2.1(b)(6) for Beck's possession of the firearm in connection with another felony offense. Based on evidence presented at trial that Beck had committed the felony offense of assault by striking Long with the gun, the Court found that the four-level increase was appropriate. The resulting guideline range for imprisonment was 63-78 months.

Beck's possession of the firearm in connection with another felony offense was a sentencing factor; it was not a "fact that increases the penalty for the crime beyond the prescribed statutory maximum." Apprendi v. New Jersey, 530 U.S. 466, 490 (1999). Indeed, Beck's sentence of 78 months' imprisonment was well within the statutory maximum penalty of 10 years. See 18 U.S.C. § 924(a)(2). Beck's counsel cannot be faulted for failing to make a meritless objection at sentencing.

**Ground 3**

At trial, the Court sustained an objection to defense counsel's attempt to cross-examine Long about his arrest for failure to appear pursuant to a subpoena. Beck claims that he was denied effective assistance by his attorney's failure to challenge this ruling on appeal. Beck makes no showing of a reasonable probability that the

judgment would have been reversed had defense counsel raised the issue on appeal. Therefore, he cannot establish prejudice.

**Ground 4**

During closing argument, defense counsel sought to discredit the police officers' testimony about Beck's statement that he possessed the firearm by citing to defense witness Eugene Flowers, the apartment building manager, who testified that Beck made no such statement. In rebuttal, the prosecutor made the following statements:

> So this whole thing boils down to the police are lying. Everybody's lying in the government's case. The only one not lying is Mr. Flowers.
>
> The police. Let's start with that first, because this is mind-boggling. These police are two-and-a-half blocks away from this residence at the time they receive a 911 call. They have never met this man. They do not remember ever being to this residence. They weren't investigating him.
>
> They had no reason to be picking him out for any reason over anyone else. They simply respond to the scene to handle a situation for a flourishing. They see a victim who is bleeding out the back of his head. He tells them he was beat over the head with a gun. They go inside. They look for a gun; don't find one. They go to the back. There is a gun on the ground.
>
> And when they show it to the defendant, he says, "Yeah, I lost my temper. When I saw you all were coming, I pitched it out the back." And they're lying about that statement? They're lying about that statement? And to make it even worse, she's suggesting that not only did they lie about that statement because what? They thought they were doing everybody a favor?
>
> They not only lie about that statement and put it in their report at the time that the incident happens. But then to compound matters, they're going to come into a court of law and take an oath before this judge and get on that stand and lie again. They're going to jeopardize their careers for this man (indicating).
>
> Why? Why? Do you not think they don't do hundreds of cases a month. More, I am sure. Do you not think they have got enough crime out there to deal with. What do they care, really, about whether or not they can tie the gun to this defendant? Is it critical to their case of flourishing and of assault? They don't need a gun for that.

> But they're going to jeopardize their careers and come in here and make up a statement. Why? It makes no sense. It makes absolutely no sense that they would do that. What makes sense is that the defendant said it. And what makes even more sense that the defendant said, is that Mr. Flowers gave you an account exactly the same as what Mr. Beck's statement was to the police.

Trial Transcript ("TR"), vol. II, at pp. 499-500.[4]

Beck asserts that the prosecutor's statements about the police officers jeopardizing their careers constituted "improper vouching," and his attorney's failure to object was ineffective assistance. Motion to Vacate, Doc. #1, page 8 of 9. When the statements are viewed in context, it is clear that they were made, not to vouch for the truthfulness of the officers, but to emphasize that the officers had no reason to fabricate evidence. This becomes even more evident in light of Long's testimony corroborating Beck's possession of the gun. Beck makes no effort to show that the outcome of the trial would have been different had his attorney objected to the statements. Therefore, he has not established prejudice.

**Ground 5**

At trial, defense counsel objected to Instruction No. 18, which read as follows:

> The law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in evidence.
>
> The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and no adverse inferences may be drawn form his failure to do so.

The objection was overruled, and Beck argues that defense counsel should have appealed this ruling.

---

[4]All references are to the transcript of the second trial (Doc. #125 and #126).

Beck makes no claim that the instruction misstated the law. Rather, his sole complaint is that it was not contained in the Manual of Model Jury Instructions adopted by the Eighth Circuit. The model instructions are not mandatory, and Beck does not point to any legal error giving Instruction 18. Thus, he has not shown a reasonable probability that his conviction would have been reversed had defense counsel pursued the objection to the instruction on appeal.

**Ground 6**

Beck next argues that his attorney should have objected to the prosecutor's referral to Long as a "victim." In view of the evidence that Long was assaulted by Beck, it was appropriate to call him a victim. No objection to that characterization would have been sustained, and defense counsel cannot be deemed ineffective for having the good sense not to make one.

**Ground 7**

Beck asserts that the prosecution argued facts not in evidence by stating that Flowers "was giving testimony in favor of the defendant because the appartment [sic] was illegal." *Motion to Vacate*, Doc. #1, page 8 of 9. He claims that defense counsel's failure to raise this issue on appeal constituted ineffective assistance.

During the trial, Flowers testified that he did not call the police even though he saw that Long was bleeding. He testified that he was concerned that if the police came to the apartment building they would discover code violations and that it was being operated as an illegal boardinghouse. In closing argument, the prosecutor referred to this testimony as a basis for impeaching Flowers' credibility. Defense counsel's objection to the argument was overruled.

Beck is clearly wrong in contending that the prosecutor argued facts not in evidence by recalling Flowers' testimony. Moreover, Beck does not point to any error in overruling defense counsel's objection that could have been asserted on appeal and that had a reasonable probability of resulting in a reversal of his conviction. As such, he has not shown prejudice.

**Ground 8**

At Beck's first trial, the Court granted the government's request to preclude testimony from defense witness Flowers about a statement allegedly made by Officer Schwerb. The Court ruled that such testimony would be hearsay. At the second trial, the government referred to the issue again but made no request for a ruling by the Court. Although the transcript shows that defense counsel did not respond, it is evident that she did not challenge the government's position as she did not ask Flowers about the statement. TR, vol. I, pp. 174.

Beck claims that defense counsel's failure to appeal the hearsay ruling was ineffective assistance. Because the ruling was made in the first trial, defense counsel could not have challenged it on appeal after the second trial. Further, Beck has not shown that it was error to exclude the testimony in the first instance, nor does he show that there was a reasonable probability that a challenge to the ruling---either at the second trial or on appeal---would have changed the outcome of the case.

**Ground 9**

Beck's next claim of ineffective assistance concerns defense counsel's failure to challenge the sufficiency of the evidence to corroborate his confession and, hence, the sufficiency of the evidence to convict. See Smith v. United States, 348 U.S. 147, 153 (1954)(general rule is that "an accused may not be convicted on his own

–9–

uncorroborated confession"); Lufkins v. Leapley, 965 F.2d 1477, 1482 (8th Cir. 1992). At trial, Dewayne Long identified Beck as his assailant and identified the gun that Beck used to assault him. Trial Transcript, vol. I, pp. 35-37. Eugene Flowers testified that after he and Beck saw the police arrive, Beck ran to the back of his apartment. TR, vol. I, pp. 173, 200. The testimony of these witnesses provided corroboration for Beck's admission that he possessed the gun and that he threw it in the back yard because he did not want the police to find it. In light of this testimony, along with the other evidence presented by the government, defense counsel had no basis for arguing that the verdict rested on an uncorroborated confession or that the evidence was insufficient to support the conviction. Beck does show that his attorney's performance fell below an objective standard of reasonableness or that he was prejudiced.

**Ground 10**

During jury selection, the government asserted several reasons for its cause challenge to venireperson Williams. Defense counsel argued against the cause challenge. After the challenge was denied, the government exercised a peremptory strike to remove Williams from the panel. TR, vol. II, pp. 439-443. Beck asserts that defense counsel should have objected because Williams was the sole African American on the panel.

A successful challenge under Batson v. Kentucky, 476 U.S. 79 (1986), requires more than proof of an excluded juror's race. There must also be a showing of circumstances raising an inference that the exclusion was based on race. Id. at 96. Here, Beck presents no circumstances that defense counsel could have pointed to as raising an inference of race-based exclusion. Defense counsel cannot be faulted for failing to assert a challenge that could not be supported.

### Ground 11

Beck next claims that his attorney failed to challenge the admission of a bloody towel into evidence. This claim is belied by the record which clearly shows that defense counsel did object to the towel---both at trial and on appeal. Clearly, Beck cannot demonstrate prejudice with respect to any action or inaction of counsel with respect to the towel, as the appellate court found that this evidence was admitted solely to corroborate the testimony about Long's injury and "it likely had little (if any) impact on the trial." Beck, 557 F.3d at 622.

### Ground 12

In Ground 12, as amended, Beck asserts that defense counsel was ineffective by failing to argue that the police officers failed to follow "proper procedure" in handling the firearm. Specifically, he argues that the gun should not have been moved from the back yard until after an examination by an evidence technician. Beck does not point to evidence of any procedures in existence for handling evidence under the circumstances presented in his case. His claim that counsel should have asserted a violation of proper procedure by the police cannot be established in the absence of any evidence of what the procedures were. Beck has not shown that his attorney's performance was deficient in this regard and he has not shown prejudice.

### Ground 13

Beck next complains that his attorney failed to challenge the seizure of evidence as a violation of the Fourth Amendment. Defense counsel filed pretrial motions to suppress evidence and statements that were denied by the Court. The evidence established that the firearm was seized from the backyard of Beck's apartment building. Because this was a common area, Beck did not have standing to challenge

-11-

the seizure. See United States v. Mendoza, 281 F.3d 712, 715 (8th Cir. 2002). Also, although Beck's apartment was searched, no evidence was seized from it. Given these circumstances, defense counsel had no valid grounds for pursuing a Fourth Amendment claim and she cannot be faulted for failing to advance a non-meritorious claim.

### B. Prosecutorial Misconduct

In Ground 1, as amended, Beck claims that the government knowingly presented perjured testimony at the trial. In support of this claim, he points to the testimony of witnesses Schwerb, Chambers and Long discussed in Part II. A. above. The mere fact that there are discrepancies between the testimony of witnesses does not establish perjury. Further, as discussed above, the record shows only that the testimony of the police officers differed from that of defense witness Flowers and that the trial testimony of Schwerb, Chambers and Long was not a verbatim recitation of testimony they gave earlier. Beck fails to show that the government's evidence was perjurious in any respect.

### C. Unlawful Arrest

As the Court previously found, Beck's arrest without a warrant did not violate the Fourth Amendment. Prior to the arrest, the police interviewed Long, who reported the assault by Beck, and observed Long's injury. This information established probable cause to believe that Beck had committed a crime. Additionally, the evidence established that Beck was given the Miranda warnings before any questioning by the police, and that his subsequent statements were made intelligently and voluntarily.

Beck presents no information or evidence that would support a different conclusion. Therefore, he is not entitled to relief on this claim.

III. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Beck is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion as amended. Therefore, the motion will be denied without a hearing. Additionally, the Court finds that Beck has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2011.